LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

─────────────────────────────────

ANDY ROLLE, *on behalf of himself, FLSA Collective
Plaintiffs, and the Class*,

     Plaintiff,


EXCELL COMMUNICATIONS, INC.,
and ABEL BARBOSA,

     Defendant.

─────────────────────────────────

Case No.:

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

     Plaintiff, ANDY ROLLE ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, EXCELL COMMUNICATIONS, INC. ("Corporate Defendant") and ABEL BARBOSA ("Individual Defendant" and with Corporate Defendant, Defendants") and states as follows:

## <u>INTRODUCTION</u>

     1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) unpaid wages due to frequency of pay violations, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

3.      Plaintiff further alleges that he was deprived of his statutory rights as a result of Defendants' unlawful discrimination practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"), and brings this action against Defendants to recover: (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs, and all other penalties the Court deems appropriate.

4.      Furthermore, Plaintiff alleges that pursuant to the New York State Human Rights Law, New York Executive Law §296 ("NYSHRL"), and the New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), that Plaintiff was deprived of his statutory rights as a result of Defendants' discriminatory employment practices based on Plaintiff's race and seeks to recover (1) economic damages, (2) compensatory damages, (3) punitive damages, and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

7.      Plaintiff ANDY ROLLE is a resident of Suffolk County, New York.

8.      Corporate Defendant EXCELL COMMUNICATIONS, INC. is a foreign business corporation organized under the laws of the State of Alabama with a corporate headquarters and principal place of business at 111 EXPRESS STREET, PLAINVIEW, NY, 11803. **Exhibit 1**.

9.      Individual Defendant ABEL BARBOSA is the Chief Executive Officer and owner of the Corporate Defendant. *See* **Exhibit 1.** ABEL BARBOSA exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. ABEL BARBOSA exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees may complain to ABEL BARBOSA directly regarding any of the terms of their employment, and ABEL BARBOSA would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ABEL BARBOSA exercised functional control over the business and financial operations of the Corporate Defendant. ABEL BARBOSA had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

10.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL.

11.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

12.     At all relevant times, Defendants employed at least eleven (11) employees as defined under the NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, fiber optic installers, fiber optic line technicians, fiber optic insulator, fiber optic quality control technicians, fiber optic splicers/testers, fiber optic safety coordinators, telecommunications linemen, warehouse workers, fleet shifters, and dispatchers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages due to a policy of time-shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, fiber optic installers, fiber optic line technicians, fiber optic insulator, fiber optic quality control

technicians, fiber optic splicers/testers, fiber optic safety coordinators, telecommunications linemen, warehouse workers, fleet shifters, and dispatchers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages due to a policy of time-shaving, (ii) failing to pay wages within seven (7) calendar days of the end of the week in which they were earned, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies

and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

20.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for

Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants properly compensated Plaintiff and Class Members for all of their hours worked;

(f)     Whether Defendants properly compensated Plaintiff and Class Members within
        seven (7) days after the end of the week in which their wages were earned;

(g)     Whether Defendants provided proper wage statements to Plaintiff and Class
        members per requirements of the New York Labor Law; and

(h)     Whether Defendants provided proper wage and hour notices to Plaintiff and Class
        members, at date of hiring and annually, per requirements of the New York Labor
        Law.

## STATEMENT OF FACTS

24.     From on or about February 14, 2022, until on or about June 1, 2022, Plaintiff ANDY
ROLLE was employed by Defendants as a Fiber Optic Technician and Insulator for Defendants.

25.     Plaintiff's duties included the installation of fiber optic cabling to provide
residences and businesses with high-speed internet; installing and maintaining fiber optic cables,
wires, and equipment at customers' residences and businesses; repairing cables and equipment at
customers business and residences; and climbing and repairing utility poles on the street.

26.     Defendants provided Plaintiff with all the tools and equipment needed to perform
his job, and if he needed to resupply, he would drive to one of Defendants' office-warehouses,
located at: 143 Pine Aire Dr, Bay Shore, NY 11706 and 111 Scott Ave, Calverton, NY 11933.

27.     Throughout his employment, Plaintiff was scheduled to work five (5) days per
week, from 7:30 a.m. to 4:00 p.m.

28.     Throughout his employment, Plaintiff was compensated at a rate of twenty eight
($28) dollars per hour. Plaintiff and Class Members were compensated on a bi-weekly basis.

29.     Throughout his employment, Plaintiff had a thirty (30) minute meal break
automatically deducted from his hours worked. However, approximately four (4) to five (5) times

per week, Plaintiff was unable to take a free and clear meal break and was required to return to work as a result of his daily workload or by order of his supervisors. FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' policy of auto-deducting meal breaks from employees' hours worked.

30.     Throughout his employment, Plaintiff was required to clock out at the end of his shift. However, if he was in the middle of a job, he was required to clock out and continue working and finish the job, and was not compensated for this work performed off the clock. Additionally, approximately twice a week, Plaintiff had to report to the warehouse after his shift had ended to resupply his equipment for the next day, all while off the clock. FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' policy of requiring employees to finish jobs off the clock after their scheduled shift had ended.

31.     Throughout his employment, Defendants failed to properly compensate Plaintiff in a timely manner as required by the NYLL. Defendants compensated Plaintiff with his wages on a bi-weekly basis, which violates Labor Law § 191(1)(a), which requires "manual workers" to be compensated "not later than seven calendar days after the end of the week in which wages are earned." Class Members similarly suffered from Defendants policy of compensating employees on a bi-weekly basis instead of on a weekly basis.

32.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature.  Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay.  Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing

penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.   Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

33.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members.  Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants' failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees.  Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

34.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation.  The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.  This delayed payment caused Plaintiff to struggle to timely pay bills.  Class members similarly struggle to timely pay debts due to Defendants' continued attempts to hide wrongdoing from employees.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members their proper wages for all hours worked due to timeshaving.

36.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff and Class members within seven (7) calendar days after the end of the week in which wages are earned, in violation of the NYLL.

37.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

38.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

*Plaintiff's Racial Discrimination Allegations*

39.     Plaintiff is African American.

40.     Plaintiff's supervisor, Joseph [Last Name Unknown], who is Hispanic, regularly calls Plaintiff a "nigg*r" and frequently uses the term in conversations when Plaintiff is nearby. Joseph frequently called African American, and only African-American, employees, "nigg*r" in the and around the offices.

41.     One instance of this occurring was when Plaintiff had to work a two (2) man job by himself. Plaintiff requested help from his supervisor, and Joseph [LNU] instead responded by calling him a "nigg*r" and to just finish the job. Subsequently, while attempting to do the job, Plaintiff had an accident where he fell off a ladder. After Plaintiff reported this accident to Joseph [LNU], when Plaintiff arrived at the office, Joseph [LNU] unleashed a barrage of n-words towards Plaintiff, verbally abusing and mocking him for his accident. He constantly called Plaintiff a

"nigg*er", saying "this dumb nigg*er" and "this nigg*er did that" and made fun of him by telling others that "this nigg*r fell of a ladder", etc.

42.     Furthermore, Plaintiff was informed that Joseph [LNU] had frequently called a former African-American employee "monkey" on multiple occasions. Other co-workers openly discussed this matter while Plaintiff was working.

43.     As a result of Defendants' hostile work environment, Plaintiff suffered physical discomfort and emotional humiliation while working for Defendants.

44.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

46.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

12

49.     At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and FLSA Collective Plaintiffs due to Defendants' policy of time-shaving.

50.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages due to Defendants' policy of time-shaving.

51.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

53.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time shaving, plus an equal amount as liquidated damages.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

56.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

57.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

58.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper compensation for all hours worked due to a policy of time-shaving.

59.     Defendants knowingly and willfully failed to compensate employees within seven (7) calendar days after the end of the week in which wages are earned, in violation of the NYLL.

60.     Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

61.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

62.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to time shaving, damages for frequency of pay violations, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## COUNT III

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

63.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

64.     Under Title VII, "[i]t shall be unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race, color . . .; or (2) to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's . . . race, color . . ." 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

65.     Defendants violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by discriminating against Plaintiff and other Black employees by fostering a hostile work environment based on Plaintiff's race, and verbally abusing Plaintiff with racial slurs. The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

66.     Plaintiff is an employee and a qualified person within the meaning of Title VII and Defendants are employers under Title VII.

67.     Defendants violated Plaintiff's statutory protected rights under the law by operating a business that discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to a hostile work environment on the basis of his race and color.

68.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under Title VII.

69.     As a result of Defendants' discrimination against Plaintiff, Plaintiff sustained injury and suffered stress and economic damages.

70.     Due to Defendants' violation under Title VII of the Civil Rights Act of 1964, based on discrimination on the basis of race and color, Plaintiff is entitled to recover from Defendants: (1) compensatory damages, (2) punitive damages, and (3) attorneys' and expert fees and costs.

## COUNT IV

## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

71.     Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

72.     The New York State Human Rights Law ("NYSHRL") prohibits discrimination in the terms, conditions, and privileges of employment, on the basis of race.

73.     Plaintiff was an employee and qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

74.     Defendants operated a business that discriminated against Plaintiff in violation of Section 296(1)(a) with respect to the terms, conditions, and privileges of his employment because of his race in ways including, but not limited to:

(a)  Creating and fostering a hostile work environment based on Plaintiff's race; and

(b)  Verbally abusing Plaintiff with racial slurs.

75.     The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

76. Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under Section 296 of the NYSHRL.

77. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

78. As a direct and proximate result of said hostile work environment, Plaintiff suffered and continues to suffer actual damages in various ways, including but without limitation, loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYSHRL.

## COUNT V

## VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

## ADMINISTRATIVE CODE OF THE CITY OF NEW YORK § 8-107 ("NYCHRL")

79. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

80. At all relevant times, Plaintiff was an employee within the meaning of the NYCHRL and Defendants are covered employers under the NYCHRL.

81. Defendants operated a business that discriminated against Plaintiff in violation of the NYCHRL by discriminating against Plaintiff with respect to the terms, conditions, and privileges of his employment because of his race in various ways, including but not limited to:

(c) Creating and fostering a hostile work environment based on Plaintiff's race; and

(d) Verbally abusing Plaintiff with racial slurs.

82.     The hostile work environment was sufficiently severe and pervasive to unreasonably interfere with Plaintiff's employment and/or create an intimidating, hostile, and offensive work environment for Plaintiff.

83.     Defendants' conduct was intentional, malicious, and in reckless disregard of Plaintiff's protected rights under the NYCHRL.

84.     As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

85.     As a direct and proximate result of said hostile work environment, Plaintiff suffered and continues to suffer actual damages in various ways, including but without limitation, loss of past and future earnings, mental anguish, and pain and suffering. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of punitive damages, interest, attorney's fees, and costs, as provided for under the NYCHRL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, Title VII of the Civil Rights Act of 1964; NYSHRL, and NYCHRL;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid wages due under the FLSA and the NYLL, including those due to Defendants' time-shaving practices;

d.    An award of unpaid wages due under the NYLL, due to Defendants' frequency of pay violations;

e.    An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the FLSA;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the NYLL;

h.    An award of backpay, compensatory damages, and punitive damages due under Title VII of the Civil Rights Act of 1964;

i.    An award of backpay, compensatory damages, and punitive damages due under the NYSHRL;

j.    An award of backpay, compensatory damages, and punitive damages due under the NYCHRL;

k.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.    Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m.    Designation of this action as a class action pursuant to F.R.C.P. 23;

n.    Designation of Plaintiff as Representative of the Class; and

o.    Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    January 27, 2023

Respectfully submitted,

By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*